SCHOTT, Judge.
Plaintiff was a passenger on a bus owned by defendant, New Orleans Public Service, Inc., and driven by defendant, Nathaniel Clark, when the bus collided with an automobile. Plaintiff and a number of other passengers were injured. Defendants have appealed from a judgment awarding plaintiff $15,000 pursuant to a jury verdict. The sole issue is whether the award constitutes an abuse of the jury’s discretion.
The accident happened on January 11, 1982. On January 21 plaintiff sought medical treatment and was subsequently treated by her physician for soft tissue injuries in the cervical and lumbar areas until June 4 when she was discharged. Treatment consisted of medication, physical therapy, and limitation of activities. During this period, spasm and pain gradually subsided and on June 4 she told him she had no more pain.
Plaintiff testified that she suffered with pains in her neck, back, and head for eighteen months and even at the time of the trial, over two years after the accident, she had occasional back pain for which she took Tylenol and soaks in hot water. She further stated that she had participated in jogging and volleyball before the accident but that she does little of that now because of the risk of pain. This testimony was supported by that of her physician who said that she may still experience some pain on occasions because the injury left a scar which restricts the range of motion of the damaged tissue. (Vol. II, Tr. p. 50) He said further it was not unusual for someone who has been “crippled” by an accident to put excessive strain on muscles and thereby suffer pain (p. 63).
Thus, taking this testimony as true as the jury obviously did, we have a 27 year old who is still suffering occasionally and whose activities are still restricted over two years after the accident. We are not persuaded that the award constituted an abuse of discretion.
Yet, defendants maintain that this award is necessarily excessive because two other plaintiffs in the same case before the same jury got only $5,000 each even though at least one of these plaintiffs was hurt more than the present plaintiff-appellee. The jury had much discretion in assessing each claim, and they were entitled to arrive at each award on an individual basis. Perhaps they thought appellee was injured more severely than the other plaintiffs considering the facts outlined above. In any event we find no abuse of discretion and affirm the judgment.
AFFIRMED.